IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALI BARAZI<br>A208-097-453<br><br>            Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; SECRETARY ALEJANDRO MAYORKAS; UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES; MEGHANN BOYLE, BOSTON ASYLUM FIELD OFFICE DIRECTOR; MERRICK GARLAND., US ATTORNEY GENERAL AND THE UNITED STATES OF AMERICA; FEDERAL BUREAU OF INVESTIGATION, CHRISTOPHER WRAY, DIRECTOR.<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)   C.A. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR WRIT OF MANDAMUS**

NOW COME the Plaintiff, ALI BARAZI, by and through his attorneys, Khalaf & Abuzir, LLC., and complain as follows:

**STATEMENT OF ACTION**

1. This action is brought to compel action on Plaintiff's USCIS Form I-589 Application for Asylum which was properly filed with the United States Citizenship and Immigration Services ("USCIS") Nebraska Service Center by the Plaintiff. To the Plaintiff's detriment, Defendants have failed to adjudicate the application.

**PARTIES**

2. The Plaintiff is a citizen of Syria and resident of Waltham, Massachusetts. The Plaintiff filed his USCIS Form I-589 Application for Asylum on March 17, 2015. The plaintiff has yet to

1

be interviewed on his request for asylum and it is believed that the matter remains pending at the USCIS Boston Asylum Office.

3. Defendant Alejandro Mayorkas ("Mayorkas"), the Secretary for the Department of Homeland Security ("DHS"), is being sued in his official capacity only. Mayorkas is responsible for adjudication of Application for Asylum and for Withholding of Removal pursuant to 8 U.S.C. § 1225.

4. Merrick Garland ("Garland"), the Attorney General of the United States, is being sued in his official capacity only. Garland is responsible for the adjudication of Form I-589 applications pursuant to 8 U.S.C. § 1225.

5. Defendant Meghann Boyle ("Boyle"), the Director of the USCIS Boston Asylum Office, is being sued in her official capacity only. Boyle is charged with supervisory authority over all of USCIS Boston Asylum Office operations and USCIS agents and officers acting in their official capacity.

6. Defendant Christopher Wray ("Wray"), the Director of the Federal Bureau of Investigations, is being sued in his official capacity. Wray is charged with supervising authority over FBI operations and FBI agents and officers acting in their official capacity.

## JURISDICTION

7. This Court has original jurisdiction to hear both civil actions arising under the laws of the United States and actions to compel an officer or employee of the United States or any agency thereof to perform a duty. 28 U.S.C. §1331; 28 U.S.C.§1361. This Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C.§§2201-2202.

8. This action is brought to compel the Defendants, an officer and an agency of the United States, to perform the duties arising under the laws of the United States.

9. This Court has jurisdiction to hear actions arising from claims that an agency or officer or employee of a government agency failed to act in its official capacity and the person to whom the duty was owed suffered a legal wrong. 5 U.S.C. §702.

10. This action invokes the Plaintiffs' right of due process under the Fifth Amendment of the United States Constitution, over which this Court retains jurisdiction.

11. This action is brought due to the repeated failure of the Defendants to perform their duty to adjudicate the Plaintiffs USCIS Form I-589 within a reasonable amount of time. Failure to adjudicate said application has resulted in harm to the Plaintiffs.

12. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") does not divest this Court of jurisdiction because the Plaintiffs are not seeking a review of a denial; they are seeking to have their adjustment application adjudicated, as part of the duties conferred upon the Defendants by Congress. *Id.* at 1256.

13. Venue lies in this Court pursuant to 28 U.S.C. §1391(e). This is an action against officers and agencies of the United States in their capacities, brought in the District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred.

## EXHAUSTION OF REMEDIES

14. Plaintiff has exhausted all administrative remedies. Plaintiff, on his own and with the assistance of attorneys have made inquiries concerning the status of the Form I-589 application and Defendants have failed to properly respond.

15. Plaintiff has not received adequate correspondence from the Defendants in regards to adjudication of his Form I-589 and the reasons for the delayed adjudication.

## **CAUSE OF ACTION**

17. Plaintiff filed his USCIS Form I-589 Application for Asylum on March 17, 2015 and completed his required biometrics requirements on or about March 23, 2015. *See Exhibit "A"*.

18. To date, the defendant's have failed to adjudicate the Plaintiff's request for Asylum.

19. Plaintiff properly submitted the documentation in support of his application and Defendants have not requested any additional evidence in support of the application and Plaintiff has received no correspondence regarding the adjudication of his asylum request.

20. Defendants have had every opportunity to adjudicate Plaintiff's application. There has been no decision and no further indication there has been any attempt to adjudicate his application.

21. It is further believed that due to circumstances involving enhanced security procedures, USCIS has failed to timely complete processing of the Plaintiff's Form I-589. It has been more than eight (8) years since the Plaintiff filed his request and the matter remains unadjudicated by Defendants.

22. That the reasons given by Defendants as to the delay in adjudication are pretextual and have no basis in law or in any of the regulations promulgated by the Attorney General. That the investigation of Plaintiffs security checks, including the criminal record check by the Federal Bureau of Investigation which is allegedly remain pending and not completed are explanations solely intended to indefinitely frustrate the Plaintiffs.

23. The Defendants' delay in processing of the applications has further deprived the Plaintiff his right to due process under the law as provided by the Fifth Amendment of the United States Constitution.

24. The Defendants, in violation of the Administrative Procedure Act, 5 U.S.C. §701 *et seq.* are unlawfully withholding and unreasonably delaying action on Plaintiffs applications and have subsequently failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiffs' case.

## **PRAYER**

76. WHEREFORE, Plaintiffs request that this Honorable Court enter an order:

   (a) Requiring Defendants to adjudicate Plaintiff's Form I-589 Application for Asylum;

   (b) Awarding Plaintiffs reasonable attorney's fees pursuant to 28 U.S.C. §2412 for failure of the Defendants to perform their duties within a reasonable amount of time; and

   (c) Granting such other relief at law and in equity as justice may so require.

Respectfully submitted,
ALI BARAZI

By: /s/ Omar A. Abuzir
Attorney for Plaintiff
Khalaf & Abuzir, LLC
Attorneys for Plaintiff
10003 S. Roberts Road
Palos Hills, Illinois 60465
Office    (708)233-1122
Facsimile (708) 233-1161
Email: oabuzir@immigrationjd.com

/s/ Anthony Drago, Jr. Esq.
Anthony Drago, Jr., Esq.  (BBO #552437)
Anthony Drago, Jr., P.C.
88 Broad Street – 5th Floor
Boston, MA 02110
(617) 357-0400
anthony@adragopc.com